IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS LAMONT MURPHY | § | |
| (TDCJ No. 644742), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-2897-C-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Departmen | | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Thomas Lamont Murphy, a Texas inmate, filed an amended *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 5. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam R. Cummings. The State filed a response opposing relief, Dkt. No. 15, to which Murphy filed a reply. Dkt. No. 21. Murphy additionally filed a motion entitled Motion For His Actual Innocent and Brady Violation to be Added with his Due Process Violation. *See* Dkt. No. 19. He requests that the Court address his claims attacking his underlying conviction. *See id.*

For the reasons explained below, the Court should deny in part, and dismiss in part, Murphy's federal habeas petition. The Court should also deny his motion.

1

### Applicable Background

After pleading guilty to aggravated robbery with a deadly weapon, the trial judge sentenced Murphy to forty-five years' imprisonment. *State of Texas v. Thomas Lamont Murphy*, No. F93-40746 (195th Dist. Ct., Dallas County, Tex., 1993); Dkt. No. 18-17 at 8-10. He later unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Murphy v. Johnson*, 3:00-cv-130-L (N.D. Tex. 2000) (dismissing federal petition as time barred); *Murphy v. Thaler*, No. 10-10974 (5th Cir. 2010) (leave to file successive petition denied); *Murphy v. Stephens*, 3:16-cv-267-D (N.D. Tex. 2016) (transferring the successive federal petition to the Fifth Circuit).

On October 10, 2017, the Texas Board of Pardons and Paroles ("TBPP") denied Murphy parole. *See* Dkt. No. 21 at 12. He filed a state application for writ of habeas corpus, claiming that the denial of parole violated his right to due process and the double jeopardy clause, as well as state law. *See* Dkt. No. 18-17 at 13-30. On March 7, 2018, the Texas Court of Criminal Appeals ("CCA") denied Murphy's application without written order on the findings of the trial court without a hearing. *See Ex parte Murphy*, WR-35,660-06 (Tex. Crim. App. March 7, 2018); Dkt. No. 18-16.

In his timely-filed amended federal habeas application, Murphy raises the same due process ground for relief that he raised in his state application. *See* Dkt. No. 5 at 6. He also included grounds attacking his underlying conviction for aggravated robbery with a deadly weapon. *See id.* at 6-7.

On December 6, 2018, the Court issued an order, directing the State to answer only Murphy's due process claim. *See* Dkt. No. 8. The State filed a response opposing

2

relief, *see* Dkt. No. 15, to which Murphy filed a reply as well as a motion for the Court to address his claims attacking his underlying conviction, *see* Dkt. Nos. 19 & 21.

## Legal Standards and Analysis

I.    Due Process Claim

Murphy claims that the TBPP violated his due process rights when it "used inaccurate reasons" to deny him parole. Dkt. No. 5 at 6.

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g., Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable

facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v.Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the

4

arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon." (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id*. Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations

omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Richter*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal

or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *cf. Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

That is, a Section 2254 petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

Here, Murphy asserts that the criteria used to deny him parole violated his right to due process because the TBPP "used two [of his] disciplinary cases that were well over sixteen months old" as a basis to deny parole. Dkt. No. 5 at 6.

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995)). There is no constitutional right of a convicted person to be conditionally released before the expiration of his sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). The United States Court of Appeals for the Fifth Circuit has explained that "there is no constitutional expectancy of parole in Texas." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas state prisoners "have no protected liberty interest in parole"). Because there is no federal constitutional right to early release on parole, a habeas petitioner cannot state a constitutional violation based upon the denial of parole, even where he alleges that the parole denial was based on unreliable or even false information. *See id.* at 305, 308–09. Because Murphy has no constitutional right to be released on parole prior to discharging his sentence, he fails to state a claim on which federal habeas relief can be granted.

And Murphy raised this claim in his state habeas application. *See* Dkt. No. 18-17 at 18-19. The state habeas court found that Murphy had "no constitutional or inherent right to be released to parole," that denial of parole "is within the sound discretion of the [TBPP] and is not subject to judicial review," that "denial of parole is not an additional punishment for the original offense," and that Murphy's claims are without merit. Dkt. No. 18-18 at 26-27. The CCA then denied Murphy's state habeas

application without written order on the findings of the trial court. *See* Dkt. No. 18-16. And Murphy fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). As such, Murphy fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

II.    Claims Attacking Underlying Conviction

Murphy also raises claims attacking his underlying conviction for aggravated robbery. Specifically, he alleges that the prosecutor withheld exculpatory evidence, that he is actually innocent, and that the trial court abused its discretion by failing to hold an evidentiary hearing on these claims. *See* Dkt. No. 5 at 6-7. Previously, Murphy unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Murphy v. Johnson*, 3:00-cv-130-L (N.D. Tex. 2000) (dismissing federal petition as time barred); *Murphy v. Thaler*, No. 10-10974 (5th Cir. 2010) (denying leave to file successive petition). He again sought to challenge his conviction through a second Section 2254 habeas petition, *see Murphy v. Stephens*, 3:16-cv-267-D (N.D. TX 2016), which the Court determined to be a successive petition and transferred it to the United States Court of Appeals for the Fifth Circuit, *see id.*

> [28 U.S.C. § 2244] lays out the requirements for filing
> successive petitions, serving as gate-keeper by preventing
> the repeated filing of habeas petitions that attack the

> prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
>
> ....
>
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Murphy's claims of prosecutorial misconduct, actual innocence, and trial court abuse of discretion are attacks on his underlying conviction – and, more to the point, allege a defect in that conviction that "existed ... at the time of the prior petition ... even if the legal basis for the [current] attack was not" known to him when he filed the initial habeas petition. *Id*. at 222. He is therefore currently attempting to present these claims that are successive. *See id.*

Murphy's failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the Court of jurisdiction to consider the claims that attack his underlying conviction in the current habeas application. *See, e.g.*, *Leal Garcia*, 573 F.3d

at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

Given his history of filing petitions aimed at this conviction, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003). And, because the Court lacks jurisdiction to consider Murphy's successive claims regarding his underlying conviction, the Court should deny his Motion For His Actual Innocent and Brady Violation to be Added with his Due Process Violation. Dkt. No. 19.

## Evidentiary Hearing

Finally, Murphy appears to requests an evidentiary hearing. *See* Dkt. No. 5 at 7. But "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same as to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, Murphy only alleges non-defaulted claims under section 2254(d)(1) that were adjudicated on the merits in state court. As such, he cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court and is not entitled to an evidentiary hearing.

**Recommendation**

The Court should deny the application for writ of habeas corpus to the extent that Murphy attacks the decision by the TBPP to deny him parole. The Court should dismiss without prejudice for lack of jurisdiction Murphy's claims attacking his underlying conviction because he has not obtained authorization to file a successive habeas petition from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3). And the Court should deny Murphy's Motion For His Actual Innocent and Brady Violation to be Added with his Due Process Violation [Dkt. No. 19].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. S*ee* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE